Filed 7/17/25  P. v. Moran CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>NELSON HENRIQUE MORAN,<br><br>    Defendant and Appellant. | C100333<br><br>(Super. Ct. No. 21CR16512) |

Defendant Nelson Henrique Moran appeals his conviction for second degree robbery with a firearm enhancement.  He argues the evidence was insufficient to support the robbery conviction.  We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On the afternoon of October 16, 2021, the victim—a seasonal farm worker—had just finished a 12-plus-hour shift picking olives in an orchard on a ranch.  It was payday,

1

and the victim had $1,400 in cash on him. While the victim was standing near his parked car at the ranch, a masked man suddenly appeared and pointed a gun at his chest. The masked man demanded money, but the victim responded he did not have any. The masked man swiftly grabbed him from behind by the neck and held the gun to his head. Meanwhile, a second man, whom the victim later identified as Moran, came toward the victim. Moran rifled through the victim's pockets and removed the victim's keys, cell phone, and $1,400 in cash. Moran unlocked the victim's car and started looking for the victim's wallet. He had trouble finding it, angering both Moran and the masked man. The masked man then hit the victim on the head with the gun. Meanwhile, Moran continued searching and finally found the wallet, which he then took and then fled the scene on foot with the masked man.

The victim testified at trial that he was "alone" and "nervous, but not afraid" during the incident. He suffered a painful four-inch cut on his head that bled for four days, and he was unable to work for a month. Responding paramedics advised the victim to go to the hospital for treatment, but he declined because he feared it would be too expensive. None of the victim's belongings were ever recovered.

Moran was charged with second degree robbery (Pen. Code, § 211; count I) with an enhancement for a principal being armed with a firearm (Pen Code, § 12022, subd. (a)(1)) and attempted second degree robbery (Pen. Code, § 664/211; count II) with a firearm enhancement (Pen. Code, § 12022, subd. (a)(1)). The attempted second degree robbery (count II) and the associated firearm enhancement were subsequently dismissed.

During the June 2023 trial, the jury was instructed about robbery with CALCRIM No. 1600, including that the prosecution must prove that Moran "used force or fear to take the property or to prevent the person from resisting." The instructions further explained: "Fear, as used here, means fear of injury to the person himself or herself. An act is accomplished by fear if the other person is actually afraid. The other person's actual fear may be inferred from the circumstances." Based on the parties' agreement,

the trial court did not instruct the jury with either CALCRIM No. 401 or CALCRIM No. 1603, the standard instructions for aiding and abetting in a robbery. The jury found Moran guilty of count I and found the firearm enhancement to be true.

In October 2023, the trial court sentenced Moran to prison for an aggregate term of four years eight months, as follows: three years (the middle term) for count I plus one year consecutive for the firearm enhancement, and eight months in an unrelated case. Moran filed a timely notice of appeal in December 2023. His opening brief was filed in February 2025, and this case became fully briefed on May 5, 2025.

DISCUSSION

Noting that the jury was not instructed on the principles of aiding and abetting, Moran asserts that "the determination of [his] guilt or innocence rested entirely on his conduct and mental state." According to Moran, the evidence was insufficient to establish his robbery conviction because there was no evidence that he "personally used force or fear to take property from [the victim]." Specifically, he claims the evidence is "uncontested" that the victim was not afraid. Moran further argues he only removed items from the victim's pockets and car without making any threats that could have caused fear. Moran contends that "[t]he very nature of the taking—the items being removed from [the victim's] pockets and vehicle without any words or threats being made—precludes any reasonable inference the taking was accomplished by fear." We find Moran's contentions meritless.

"In assessing the sufficiency of the evidence, we review the entire record in the light most favorable to the judgment to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] Reversal on this ground is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' " (*People v. Bolin* (1998) 18 Cal.4th 297, 331.) "We neither reweigh the evidence nor reevaluate the credibility of witnesses.

3

[Citation.] We presume in support of the judgment the existence of every fact the jury reasonably could deduce from the evidence." (*People v. Jennings* (2010) 50 Cal.4th 616, 638-639.)

Robbery requires that property be taken " 'either by force or by fear.' " (*People v. Montalvo* (2019) 36 Cal.App.5th 597, 611; § 211.) To establish a robbery was committed by means of fear, the prosecution must demonstrate that " 'the victim was in fact afraid,' " a subjective rather than objective test. (*People v. Collins* (2021) 65 Cal.App.5th 333, 341.) Proof of this subjective fear may be demonstrated "through the victim's statements about his or her state of mind." (*Ibid*.) Fear may also be inferred from the circumstances, and " 'any intimidation, even without threats, may be sufficient.' " (*Montalvo*, at p. 612.)

The prosecution is not required to show that the victim's fear was "extreme." (*People v. Morehead* (2011) 191 Cal.App.4th 765, 775.) Instead, the element is satisfied when there is " 'sufficient fear to cause the victim to comply with the unlawful demand for his property.' " (*Id.* at pp. 774-775.) "All that is necessary is that the record show ' " ' "conduct, words, or circumstances reasonably calculated to produce fear." ' " ' " (*Id.* at p. 775.)

First, we disagree that the evidence is uncontested that the victim was not in fear during the robbery. Although the victim testified that he "wasn't afraid," he also described himself as "alone" and "nervous" during the incident. The dictionary defines "nervous" as "timid" and "apprehensive." (Merriam-Webster's Collegiate Dict. (11th ed. 2006) p. 832, col. 1.) While the victim may not have been "afraid," there was sufficient evidence that he was apprehensive, nervous, and in a state of fear during the robbery.

We also find no merit in Moran's apparent argument that there was no evidence he did anything to cause the victim to be fearful. Despite Moran's contentions, "[t]he requisite fear need not be the result of an express threat or the use of a weapon," but instead can be based on intimidation or an "implied threat of harm for failure to comply."

4

(*People v. Morehead*, *supra*, 191 Cal.App.4th at p. 775.)  Here, Moran rifled through the victim's pockets and car while the victim was being restrained by the neck and had a gun held to his head.  Although Moran may not have been the one holding the victim's neck or the gun, a reasonable trier of fact could find that Moran was implicitly threatening to harm the victim if he resisted Moran's efforts to take his belongings, especially since Moran offered no reassurances that the vulnerable victim would be safe if he complied.  Moran further acted in an intimidating manner when he grew angry after initially failing to find the victim's wallet, particularly because he demonstrated no concern for the victim's safety when his companion pistol-whipped the victim.  Under the circumstances, even though Moran never issued any verbal threats or used a weapon, it was reasonable for the jury to find that Moran committed the robbery by fear.

DISPOSITION

The judgment is affirmed.

_____/s/_____
BOULWARE EURIE, J.

We concur:

_____/s/_____
ROBIE, Acting P. J.

_____/s/_____
WISEMAN, J.*

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.